## ROGER AVERILL *vs.* THOMAS SANFORD AND OTHERS.

The receipt of rents and profits from real estate is not of itself such a possession as to prove an ouster of the party holding the legal title and to render void a conveyance by him, but is consistent with the supposition of a possession in some way subordinate to the title of the owner.

Parol evidence is inadmissible to prove the contents of an assessment list.  The written document should be produced.

If certain property was embraced in the list, but not in terms, or in such a way that the fact appeared upon the face of the list, parol evidence would be admissible to show the fact; but the list should be produced in connection with the parol evidence.

BILL to redeem mortgaged premises ; brought to the Superior Court and tried before *Minor, J.*  Decree for the petitioner, and motions in error and for a new trial by the respondents.  The case is sufficiently stated in the opinion.

*Sanford,* with whom was *Taylor,* in support of the motions.

*Averill* and *Brewster,* contra.

CARPENTER, J.  The material facts in this case are briefly these :  In February, 1862, Nathaniel H. Wildman was insolvent, and Ira Morse was appointed trustee of his estate. Certain real estate owned by him was then subject to a mortgage to the Danbury Savings Bank.  In April following, Morse deeded the equity of redemption in the premises to Alexander Wildman, which deed was in fraud of the rights

VOL. XXXVI.—44

of the creditors of the estate. In July the respondent Sanford became the owner of the mortgage, and brought a petition to foreclose, making Morse and Alexander Wildman respondents. They failed to appear, and failed to redeem within the time limited; but, subsequently, on the 4th day of November, Wildman purchased Sanford's interest in the property, paying to him the debt secured by the mortgage, and the costs thereon, all of which was in pursuance of the same fraudulent intent. In March, 1863, Morse was removed from the office of trustee, and Samuel C. Wildman was appointed in his stead. On the 9th of February, 1866, the trustee, pursuant to an order of the court of probate, sold the premises to David B. Booth, Esq., who purchased the same as agent of the petitioner, and who subsequently conveyed the property to him. Neither party to the last mentioned deed had any knowledge of the prior deed from Morse to Alexander Wildman, and the deed from Sanford to the latter was never put on record. The petitioner acquired his title in good faith, and the creditors have received the benefit of the consideration paid. This petition is brought to redeem the premises. The Superior Court granted the prayer of the petition, and Wildman, the only respondent who has any interest in the matter, brings the record before this court by motion in error, and also files a motion for a new trial. Under each of these motions one question is presented for our consideration.

1. The error assigned in the first motion is, that upon the facts found the deed from Samuel C. Wildman to Booth, and consequently the deed from Booth to the petitioner, were inoperative and void, for the reason that at the time of the execution of the former Samuel C. Wildman was ousted of the possession of the premises, Alexander Wildman being in possession, as he claims, under a claim of title.

We do not stop to inquire whether the statute against the sale of pretended titles has any application to a case like this, as we are satisfied that the facts found fail to show an ouster within the meaning of the statute.

The character and nature of Alexander Wildman's posses-

sion do not distinctly appear. Indeed his possession does not appear at all except by way of inference from the fact found that he received the rents and profits. But the receipt of rents and profits is not only insufficient of itself to prove an ouster, but is consistent with the supposition that his possession was in some way subordinate to the title of the trustee. There is some presumption that such was the character of his possession from the fact that his paper title had been kept a secret. But the whole matter *is conclusively set at rest by* the express finding of the court, that " at the time of the sale and conveyance by S. C. Wildman he had not been ousted, but was in the legal possession of the premises as trustee."

The other errors assigned are not relied upon and we do not consider them.

2. It appears from the motion for a new trial that the respondents, for the purpose of proving possession in Alexander Wildman, offered oral evidence to show that during the time in question he included the premises in his list of taxable property returned to the assessors. This evidence was objected to by the petitioner and excluded by the court. We think it was properly excluded. The list was a written document, and should have been produced. If, on its face, it appeared that the premises were included, that would not only have been the best evidence, but the only evidence required. If it did not so appear, but was in fact included, parol evidence would have been admissible to show it. But parol evidence without the list was inadmissible.

There is no error and we do not advise a new trial.

In this opinion the other judges concurred.